UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF

BLUE WATER AUTOMOTIVE SYSTEMS, INC., et al.,

    Debtors.

_____/

MCTEVIA & ASSOCIATES, LLC,

    Plaintiff-Appellee,                      Case No. 10-14112
                                                         HON. AVERN COHN

v.

UNITED STATES DEBT RECOVERY III, LP,

    Defendant-Appellant.

_____/

## MEMORANDUM AND ORDER
## REVERSING THE DECISION OF THE BANKRUPTCY COURT[1]

### I. INTRODUCTION

This is an appeal from a bankruptcy court decision. The underlying issue involves a contract dispute between Plaintiff/Appellee McTevia & Associates (McTevia) and Defendant/Appellant United States Debt Recovery III LP's (USDR). Now before the Court is USDR's appeal, which argues that the bankruptcy court's decision to grant summary judgment in favor of McTevia should be reversed on two grounds. First, USDR asserts that

---

[1] At a hearing on the appeal on March 30, 2011, only one of the issues raised in USDR's papers was argued; that is the issue of the bankruptcy court's sua sponte summary judgment decision. As to the second issue relating to subject matter jurisdiction, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(f)(2).

the bankruptcy court failed to provide USDR notice when it granted sua sponte summary judgment in favor of McTevia at a hearing set to decide USDR's motion for dismissal or summary judgment. Second, USDR argues that the bankruptcy court lacked subject matter jurisdiction because breach of contract is not a core bankruptcy claim.

For the reasons that follow, the bankruptcy court's decision will be reversed.

## II. BACKGROUND

### A.

On February 12, 2008, Blue Water Automotive Systems, Inc. and its affiliated entities (Blue Water) filed for Chapter 11 bankruptcy in the Eastern District of Michigan; the proceedings are currently pending. On October 30, 2008, Blue Water's assets were vested in McTevia, the liquidating trustee of the Blue Water Automotive Systems, Inc. Creditors' Trust. On August 3, 2009, Cooper-Standard Holdings, Inc. and twelve of its affiliated companies (Cooper-Standard) filed Chapter 11 bankruptcy petitions in the bankruptcy court for the District of Delaware. On December 3, 2009, McTevia filed proofs of claim against Cooper-Standard in its capacity as trustee.[2]

On February 24, 2010, USDR sent a letter to McTevia offering to purchase McTevia's proofs of claims against Cooper-Standard for $118,750.27. On March 1, 2010, McTevia returned a signed copy of USDR's letter, accepting the offer. After reviewing McTevia's documents, USDR determined that McTevia did not have valid proofs of claim

---

[2]McTevia filed proofs of claim against thirteen Cooper-Standard debtors, each in the amount of $163,793.48.

against Cooper-Standard and sent a letter to McTevia rescinding the offer.[3] McTevia rejected USDR's attempt to rescind, stating that when it returned the signed letter a contract was formed. USDR responded asserting that no contract was formed to which McTevia replied again asking USDR to honor the contract. USDR did not respond, which prompted McTevia to file the present lawsuit.

B.

McTevia filed its complaint in the bankruptcy court for the Eastern District of Michigan in two counts: breach of contract and promissory estoppel.[4] USDR did not file an answer to the complaint. Instead, USDR filed a motion to dismiss or for summary judgment, arguing that the complaint failed to state a claim because a contract between McTevia and USDR was never formed. USDR also argued that the bankruptcy court lacked subject matter jurisdiction because the dispute involved a post-confirmation state law breach of contract claim. McTevia responded that USDR's motion should be denied on the ground that a binding contract was formed when McTevia signed and returned USDR's offer letter. McTevia further asserted that the bankruptcy court had subject matter jurisdiction because the disputed contract dealt with the collection of Blue Water's debts, which are part of the Blue Water bankruptcy estate and which existed at the time the confirmation plan was finalized. McTevia did not move for summary judgment.

The matter was set for a hearing, at which the bankruptcy court heard oral argument

---

[3] At oral arguments on March 30, 2011, USDR elaborated on its decision to rescind its offer by stating that the decision was due to the fact that after receiving McTevia's documents, it discovered that Cooper-Standard had defenses to the proofs of claims on the ground that they were preferential transfers.

[4] McTevia later withdrew its promissory estoppel count.

3

on the motion. At the hearing, USDR presented its argument relating to contract formation and subject matter jurisdiction. McTevia then responded, arguing that dismissal in USDR's favor was not proper. At the end of oral argument, the bankruptcy court judge stated that she was prepared to rule on the motion from the bench, which she did by reading a twenty-six page decision into the record. A summary of the decision is as follows:

> Defendant filed this motion to dismiss adversary complaint or, in the alternative, for summary judgment. Defendant alleges that plaintiff's breach of contract claim failed to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and, therefore, plaintiff's complaint should be dismissed. In the alternative, defendant alleges that the Court should grant summary judgment because, as a matter of law, no breach contract occurred. For the reasons set forth below, this Court denies both defendant's motion to dismiss and defendant's motion for summary judgment and grants summary judgment to the plaintiff. The Court may enter summary judgment in the absence of a cross motion if otherwise appropriate. See Century Offshore Management Corporation v. BMO Financial Incorporated, 119 F.3d 409, Sixth Circuit, 1997.

Bankr. Doc. 26, pp. 16-17.

### III. STANDARD OF REVIEW

The district court sits as an appellate court for the decisions of the bankruptcy court. 28 U.S.C. § 158. The district court reviews factual findings made by a bankruptcy judge for clear error, which requires the appellant to demonstrate "the most cogent evidence of mistake of justice." Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs.), 106 F.3d 1255, 1259 (6th Cir. 1997). Conclusions of law are reviewed de novo. Simon v. Chase Manhattan Bank (In re Zaptocky), 250 F.3d 1020, 1023 (6th Cir. 2001); see also Lopez v. Donaldson (In re Lopez), 292 B.R. 570, 573 (E.D. Mich. 2003).

## IV. ANALYSIS

### A.

As to the sua sponte summary judgment issue on appeal, for the reasons stated on the record during the March 30, 2011, motion hearing, (Doc. 14), the Court finds that the bankruptcy court erred by not giving USDR notice that it was considering granting summary judgment in McTevia's favor in order to allow USDR to come forward with all of its evidence. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence").

### B.

As to the subject matter jurisdiction issue on appeal, USDR argues that the bankruptcy court lacks subject matter jurisdiction because McTevia's breach of contract claim is a post-confirmation state law dispute, not a core bankruptcy claim, which means that the bankruptcy court, as a court of limited jurisdiction, does not have jurisdiction to hear the case. In support, USDR relies on Eastland Partners Ltd. v. Brown (In re Eastland Partners Ltd.), 199 B.R. 917 (E.D. Mich. 1996), which held that a bankruptcy court lacked subject matter jurisdiction in a case involving post-bankruptcy confirmation state law claims, including breach of contract. Id. at 920-21.

McTevia responds that the bankruptcy court has subject matter jurisdiction because the underlying debt, i.e., proofs of claim, that brought rise to the present breach of contract dispute were part of the bankruptcy estate when the bankruptcy

confirmation plan was finalized, meaning that it is a core bankruptcy claim within the bankruptcy court's jurisdiction. Moreover, McTevia argues that there is subject matter jurisdiction because the Blue Water bankruptcy confirmation plan expressly retained jurisdiction over the sale of the Blue Water Creditors' Trust assets and over any actions to collect assets of the Blue Water debtors, like the present action.

In its decision, the bankruptcy court found that the Blue Water confirmation plan was sufficient evidence to show that it retained subject matter jurisdiction. The Court does not disagree.

In re Eastland Partners Ltd., supra, involved a closed bankruptcy proceeding. Id. at 918. Particularly, four years after the case was closed and the confirmation plan was finalized, the plaintiffs filed a complaint which alleged that the confirmation plan had been breached, and argued that the bankruptcy court continued to have jurisdiction over the claim. Id. The district court disagreed and held that Congress did not intend that bankruptcy court's would retain jurisdiction over any dispute involving a reorganized debtor performing under a confirmed plan. Id. at 920. Under the district court's test, jurisdiction was limited to matters traceable to the bankruptcy estate, as it exists at confirmation. Id. at 921. Thus, because the dispute arose after the bankruptcy proceedings were complete, and it did not involve the bankruptcy estate as it existed when the confirmation plan was finalized, the bankruptcy court did not have jurisdiction to hear the case. Id.

Here, the Blue Water bankruptcy proceedings are currently pending. Thus, as an initial matter the present case is distinguishable from In re Eastland Partners Ltd.. Second, unlike In re Eastland Partners Ltd., McTevia's asserted breach of

contract claim relates to a matter traceable to the confirmation plan in that it involves the collection of Blue Water's assets from Cooper-Standard, a Blue Water debtor; assets that existed at the time that the confirmation plan was finalized and that McTevia is charged with collecting. In other words, this is not a case where the parties, four years later, are disputing whether a finalized confirmation plan from a closed bankruptcy was breached. Moreover, the bankruptcy court expressly retained jurisdiction over such matters in the confirmation plan. Accordingly, the bankruptcy court has subject matter jurisdiction.

## V. CONCLUSION

For the aforementioned reasons, the bankruptcy court's decision is REVERSED and the case is REMANDED for further proceedings consistent with this memorandum and order.

SO ORDERED.


Dated: April 11, 2011         S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 11, 2011, by electronic and/or ordinary mail.

                              S/Julie Owens
                              Case Manager, (313) 234-5160